IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KATHY L. PHILLIPS                                                                                   PLAINTIFF

v.                              Civil No. 12-2294

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Kathy Phillips, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff filed her application for DIB on March 5, 2010, alleging an onset date of October 23, 2008, due to bone spurs in her back and neuropathy in her feet and hands. Tr. 24, 132-135, 158, 178. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 78-82, 86-87. An administrative hearing was held on July 7, 2011. Tr. 39-77. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 49 years old and possessed a high school education. Tr. 33. She had past relevant work "(PRW") experience as an office manager/tire changer, institutional cook, hand packager, and meat cook. Tr. 68-69, 161-166.

On May 5, 2010, the ALJ found Plaintiff's obesity, extremity sensory loss, status-post compression fracture of her thoracic spine and adjustment reaction, and depression (mild to moderate) were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 26-28. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(a) except she can only occasionally climb ramps and stairs, she can never climb ladders, ropes and scaffolds, and she can occasionally balance, stoop, kneel, crouch and crawl. She is limited to work that involves simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, work place changes. She must avoid concentrated exposure to extreme heat and cold, and avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights.

Tr. 28. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as an office manager/auto body technician. Tr. 68-69.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 26, 2012. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 12.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Plaintiff contends that the ALJ erred by failing to A) conclude that her degenerative disease of the cervical and lumbar spine, hypothyroidism, personality disorder, and mood disorder were severe; B) properly determine her RFC; C) fully and fairly develop the record; D) conduct a proper credibility analysis; and, E) present a properly worded hypothetical question to the vocational expert. The court has reviewed the briefs filed by the parties, the transcript of the proceeding before the commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

#### A. Severe Impairments:

This court concludes that, the evidence does not support a finding that Plaintiff's degenerative disease of the cervical and lumbar spine, hypothyroidism, personality disorder, or

4

mood disorder were severe. Specifically, the objective medical evidence reveals only mild osteophytic spurring and anterior longitudinal ligament calcification at the C5-6 level and mild osteophytic spurring from the L3 to L5 levels with very limited physical findings upon examination. Tr. 218-219, 223-224, 253, 284-285. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider); *Marolf v. Sullivan*, 981 F.2d 976 (8th Cir. 1992) (a disabling impairment must be supported by at least some objective medical evidence). Similarly, although Plaintiff contends that her hypothyroidism contributes to her fatigue and depression, there is no evidence in the record to show that Plaintiff's hypothyroidism has any impact her ability to perform work-related tasks. *See Trenary v. Bowen*, 898F.2d 1361, 1364 (8th Cir. 1990) (a mere diagnosis is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis). She voiced no complaints to her doctors, and the evidence reveals that Plaintiff did not take her thyroid medication as prescribed. Tr. 228. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

As for her anxiety and personality disorder, we note that the Plaintiff neither sought out professional mental health treatment nor was she diagnosed with anything other than depression prior to the evaluation of Dr. Robert Spray, which was conducted at least one year after the ALJ rendered his decision.[2] *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant

---

[2]Because Dr. Spray's assessment is dated well after the ALJ's decision, we can not say that it undermines the ALJ decision. However, the Plaintiff is free to used said evidence in support of a new application for benefits.

consideration when evaluating Plaintiff's allegations of disability due to a mental impairment). Dr. Steve Shry examined Plaintiff in April 2010 and diagnosed her with mild to moderate adjustment reaction/depression. Tr. 245-247. There was no mention of anxiety or a personality disorder, and the medical evidence dated during the relevant time period contains only one mention of anxiety. Tr. 228. Said notation occurred in October 2008, with only diagnoses of depression and prescriptions for antidepressants by Plaintiff's general physician thereafter. There is, however, no mention of personality disorder and no report of symptoms commonly associated with personality disorder. Accordingly, we find no error in the ALJ's determination that these impairments were not severe.

### B. RFC Determination:

In her second argument, Plaintiff contends that she is unable to perform light work, as determined by the ALJ. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). An ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in

the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

We find substantial evidence to support the ALJ's RFC determination. A general physical exam with Nurse Pham-Russell was essentially normal, revealing only diminished sensation in Plaintiff's left leg and foot, but a steady gait. Tr. 249-254. She concluded Plaintiff would have mild to moderate limitations with regard to lifting. No walking or standing restrictions were documented. X-rays and other exams conducted during the relevant time period also fail to document problems with walking and standing. And, we can find no physician imposed or self imposed reports of physical limitations in the medical record. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (none of the claimant's treating physicians opined the claimant was so impaired or disabled that the claimant could not work at any job).

Plaintiff contends that Nurse Pham-Russell's evaluation does not constitute a proper physical examination upon which the ALJ could base his decision because Nurse Pham-Russell is not a medical doctor. However, the ALJ used the nurse practitioner's evaluation to determine the severity of, rather than the existence of, Plaintiff's medically determinable impairments. And, as such, used it properly. *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *see also* SSR 06–3p. Further, the nurse practitioner's evaluation was endorsed by a medical doctor, entitling it to treating source weight. *See Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th Cir.2006) (allowing nurse practitioner, who was working as a part of a medical team with a doctor, to be treated as a treating source). Therefore, the ALJ was not obligated to obtain any additional consultative examinations or to request an RFC assessment from Plaintiff's treating doctors. And, giving Plaintiff the benefit of the doubt, we find that substantial evidence supports the ALJ's

determination that Plaintiff could perform light work involving only occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing ladders, ropes or scaffolds; and, no concentrated exposure to extreme heat and cold and hazards such as dangerous machinery and unprotected heights.

Plaintiff also contends that the ALJ failed to properly credit the opinions of Drs. Terry Hoyt, Steve Shry, and Robert Spray. We note that the ALJ did not have the benefit of the assessments conducted by Drs. Hoyt and Spray because their examinations and evaluations were conducted over a year after the ALJ's decision. As such, we can not say that they have any bearing on the severity of Plaintiff's condition during the relevant time period. *See Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 1990) (holding that medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision). However, Dr. Shry's assessment was dated during the relevant time period. He assessed Plaintiff with only mild to moderate adjustment reaction/depression, and concluded that she would have some difficulty comprehending and carrying out simple or complex tasks, problems coping with the typical demands of basic work-like tasks, some difficulty attending to and concentrating on tasks, and difficulty completing tasks in an acceptable time frame. Tr. 247. Give the absence of other medical evidence to support these limitations, we find Dr. Shry's findings to be adequately incorporated into the ALJ's determination that Plaintiff could perform work involving only simple, routine, and repetitive tasks and involving only simple work-related decisions with few, if any, work place changes.

  C.  **Develop the Record:**

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d

935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). In determining whether an ALJ has fully and fairly developed the record the proper inquiry is whether the record contained sufficient evidence for him to make an informed decision. *See Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir. 1994); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). However, in the present case, we find that the record was reasonably well developed. The ALJ considered the results of both consultative physical and mental evaluations, as well as Plaintiff's subjective complaints and medical records prior to rendering his opinion in this case. There is no indication that additional medical evidence exists to document Plaintiff's condition during the relevant time period. And, given the scant objective evidence contained within the treatment notes, it is not clear to the undersigned that recontacting Plaintiff's treating physicians would provide any additional insight into Plaintiff's physical and/or mental limitations during the relevant time period.

### D. Credibility Determination:

Next, Plaintiff takes issue with the ALJ's credibility determination, alleging that the ALJ failed to conduct a proper credibility analysis. We disagree. After reviewing the evidence and the ALJ's decision, we conclude that the ALJ gave several valid reasons for his determination that Plaintiff was not entirely credible including the absence of objective medical evidence to support her allegations of mental and physical disability; failure to report her alleged medication side effects to her doctor; inconsistencies in her reports of daily activities, the reason for leaving her last employment, and the physical requirements of her last job; and, her receipt of unemployment benefits. *See Salts v. Sullivan,* 958 F.2d 840, 846 n. 8 (8th Cir. 1992) (acceptance of unemployment benefits, which entails an assertion of the ability to work, is facially

inconsistent with a claim of disability). And, we conclude that substantial evidence also supports the ALJ's credibility determination. The mere fact that the ALJ did not mention *Polaski* does not require remand. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir.1996) (ALJ's failure to explicitly discuss each *Polaski* factor in a methodical fashion is an arguable deficiency in opinion-writing technique insufficient to require the setting aside of an administrative finding where the deficiency probably had no practical effect on the outcome of the case).

### E. Vocational Expert:

Lastly, Plaintiff asserts that the ALJ's hypothetical question to the vocational expert was flawed because it did not contain all of the limitations imposed by Plaintiff's impairments. "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (quotation and citation omitted). Here, the ALJ's question included all of Plaintiff's limitations found to exist by the ALJ and set forth in the ALJ's description of Plaintiff's RFC. Based on our previous conclusion, that the ALJ's findings of Plaintiff's RFC are supported by substantial evidence, we hold that "[t]he hypothetical question was therefore proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits." *Id*.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus recommends that the decision be affirmed, and Plaintiff's Complaint be dismissed with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written**

AO72A
(Rev. 8/82)

**objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)